UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ASSOCIATED MARINE<br>EQUIPMENT, LLC | CIVIL ACTION |
| VERSUS | NO. 05-2837 |
| EDMOND JONES | SECTION "N" (1) |

## ORDER AND REASONS

Before the Court is the Motion for Relief from Judgment Pursuant to Rule 60 of the Federal Rules of Civil Procedure (Rec. Doc. No. 14) filed by Defendant, Edmond Jones. Defendant seeks relief from a judgment rendered in favor of Plaintiff, Associated Marine Equipment, LLC ("Associated Marine"), on August 4, 2006. Associated Marine opposes the motion. For the reasons stated herein, the motion is **DENIED**.

### I. BACKGROUND

Edmond Jones filed a claim with the Department of Labor after he allegedly sustained injuries aboard an Associated Marine vessel, the D/B RUSSELL KNIGHT. As a result of this claim, on July 12, 2005, Associated Marine filed an action for declaratory relief in this Court, seeking a judgment declaring the following: that Jones was a seaman; that Associated Marine was not obligated to provide maintenance and cure to Jones; that any medical condition of Jones on June 28, 2004 did not arise out of the unseaworthiness of the D/B RUSSELL KNIGHT or negligence of Associated Marine; and that Jones was not entitled to benefits under the Longshore and Harbor Workers' Compensation Act. (Rec. Doc. No. 1.)

On August 5, 2005, Jones filed an Opposition to Claimant's Complaint. (Rec. Doc. No. 4.) On January 19, 2006, counsel for both parties participated in a preliminary conference with the

Court, during which a trial date of October 23, 2006 was set. On January 20, 2006, the Court issued its Scheduling Order (Rec. Doc. No. 7), which set forth the relevant dates and deadlines in this matter. Despite numerous unsuccessful attempts by Associated Marine, Jones failed to participate in any discovery.

On April 14, 2006, Associated Marine filed a Motion to Compel Deposition of Jones and Responses to Discovery. (Rec. Doc. No. 8.) Jones failed to file an opposition to the motion. On May 4, 2006, the motion was granted as unopposed by Magistrate Judge Shushan. (Rec. Doc. No. 9.) It was further ordered that Jones appear for his deposition on May 30, 2006 and that he respond to Associated Marine's discovery requests by May 15, 2006. (Rec. Doc. No. 9.) Jones was further admonished that lack of compliance with the Court's order would result in a report and recommendation that his opposition to Associated Marine's complaint be dismissed for his failure to participate in discovery. (Rec. Doc. No. 9.)

Mr. Jones not only failed to respond to discovery, but also failed to appear for his deposition, as ordered. On June 13, 2006, Associated Marine filed a Motion to Dismiss and Request for Sanctions. (Rec. Doc. No. 11.) Jones failed to file an opposition to the motion. Accordingly, on July 18, 2006, the undersigned issued an order granting the Motion to Dismiss as unopposed, dismissing any claims Jones may have attempted to allege under the Jones Act with prejudice, and assessing attorney's fees, expenses, and costs upon Jones. (Rec. Doc. No. 12.) The order specifically stated that a motion for reconsideration must be filed within ten days of the date the order was entered by the Clerk of Court. Jones failed to file a motion for reconsideration of the Court's Order. Accordingly, on August 4, 2006, the Court entered judgment in favor of Associated Marine. (Rec. Doc. No. 13.)

Nearly six months later, on February 1, 2007, Jones filed the instant Motion for Relief from Judgment. (Rec. Doc. No. 14.) Associated Marine has filed an opposition to the motion. (Rec. Doc. No. 20.)

## II. <u>LAW AND ANALYSIS</u>

In his motion, Jones requests that the Court consider his failure to comply with discovery and the orders of this Court "in the context of a post Katrina environment" and in light of his counsel's failure to "communicate to Jones the urgency of the AME position and consequences for failure to comply."

> Rule 60(b) of the Federal Rules of Civil Procedure provides, in pertinent part:
>
> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect; . . .
> (6) any other reason justifying relief from the operation of the judgment.

Fed.R.Civ.P. 60(b).

Jones argues that his attorney, Clara Toombs, never contacted him in connection with Magistrate Shushan's May 4, 2006 order directing him to appear for his deposition and to respond to discovery. Jones also asserts that "[d]espite repeated attempts to contact Ms. Toombs, he was never successful in doing so." (Affidavit of Edmond Jones, Rec. Doc. No. 14-3.) The record reflects, however, that after Hurricane Katrina, both the Court and opposing counsel were able to contact Ms. Toombs. The Court also finds it significant that not once during the thirteen month period that elapsed from the time this action was filed until the time judgment was rendered did Mr. Jones advise the Court of his inability to get in touch with his attorney, nor did he call the Court or the Clerk's office to inquire about the status of the case. It was not until nearly nineteen months after

3

the case was filed, and nearly a year and a half after Hurricane Katrina struck New Orleans, that Mr. Jones finally called the Clerk's office to make an inquiry about the case. The Fifth Circuit has stated that "a party has a duty of diligence to inquire about the status of a case and that Rule 60(b) relief will be afforded only in "unique circumstances." *Wilson v. Atwood Group*, 725 F.2d 255, 257-58 (5th Cir. 1984). Thus, although there may have been "no willful disobedience of the order" on the part of Jones, the Court disagrees with Jones' statement that he is "completely blameless." Accordingly, the Court finds that there was no "excusable neglect" warranting relief from a final judgment under Rule 60(b)(1).

Even if the Court agreed with Mr. Jones' assertion that he is "completely without fault in the entire matter" and that his counsel is solely to blame, "it has long been held, particularly in civil litigation, that the mistakes of counsel, who is the legal agent of the client, are chargeable to the client . . . no matter how 'unfair' this on occasion may seem." *Pryor v. U.S. Postal Service*, 769 F.2d 281, 288 (5th Cir. 1985). Further, "[w]hile the Court may be sympathetic to the plight of a client prejudiced by his attorney's inadvertence or negligence, the proper recourse for the aggrieved client . . . is to seek malpractice damages from the attorney." *Id.* at 289.

Jones acknowledges that "the fault of [his] legal representative . . . may not be the type of 'excusable neglect'" warranting relief under Rule 60(b)(1). However, he maintains that "the exceptional circumstances created by a post Katrina environment for all residents of the Eastern District of Louisiana warrant the consideration of this [C]ourt and Rule 60 relief from [j]udgment pursuant to subsection (b)(6).

Rule 60(b)(6) gives district courts the authority to vacate judgments whenever that action is appropriate to accomplish justice. *Trade Arbed, Inc. v. African Exp. MV*, 941 F.Supp. 68, 70 (E.D.

4

La. 1996) (*citing* C. Wright, A. Miller, & M. Kane, *Federal Practice and Procedure* § 2864 at 350 (1995)). As provided above, Rule 60(b)(6) provides that a court may grant such relief for "any other reason justifying relief from the operation of the judgment." Relief under Section 60(b)(6) is to be granted "only if extraordinary circumstances are present." *American Totalisator Co. v. Fair Grounds Corp.*, 3 F.3d 810, 815-16 (5th Cir. 1993).

Although Jones makes a general reference to "post-Katrina extreme circumstances," he fails to identify any of these circumstances and to demonstrate how such circumstances prevented him from inquiring about the status of his case. The Court also notes that, notwithstanding these "extreme circumstances," Mr. Jones had the wherewithal to tend to his medical needs by seeking and receiving surgical treatment at some point during the relevant time period. Given the connection between the surgery and the pending lawsuit, and given the fact that Mr. Jones' attempts to contact his attorney after the storm were unsuccessful, one wonders why Mr. Jones waited until February 2007 to finally inquire as to the status of this case. Accordingly, the Court finds that Plaintiff's motion does not present the requisite "extraordinary circumstances" that constitute grounds for relief from judgment under Rule 60(b)(6).

### III. CONCLUSION

Accordingly, **IT IS ORDERED** that Plaintiff's Motion for Relief from Judgment Pursuant to Rule 60 of the Federal Rules of Civil Procedure is **DENIED**.

New Orleans, Louisiana, this 16th day of August, 2007.

**KURT D. ENGELHARDT**
**United States District Judge**